**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     Robert Andrews, | : | |
|         Debtor. | : | Case No. 94-50558 (JAM) |
| | : | |
| Richard M. Coan, Trustee, | : | Adv. Pro. No. 16-05018 (JAM) |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Robert L. Esensten, | : | |
| | : | |
|     Defendant. | : | Re: ECF Nos. 6, 14 |
| | : | |

**<u>Appearances</u>**

Timothy Miltenberger
*Attorney for Plaintiff*
Coan Lewendon Gulliver & Miltenberger
495 Orange Street
New Haven, CT 06109
Phone: 203-243-4488
Email: tmiltenberger@coanlewendon.com

Robert L. Esensten
*Pro Se*
Esensten Law
12100 Wilshire Boulevard
Suite 1660
Los Angeles, CA 90025
Phone: 310-273-3090

**<u>MEMORANDUM OF DECISION ON MOTION TO DISMISS</u>**

**I.     Introduction**

On February 28, 1994 (the "Petition Date"), Robert Andrews (the "Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The case was converted to a Chapter 7 case on June 25, 2015, and Richard M. Coan (the "Plaintiff"), was appointed to serve as the Chapter 7 Trustee of the Debtor's estate.

On April 26, 2016, the Plaintiff filed a Complaint pursuant to 11 U.S.C. §§ 547, 548, and 550 (the "Complaint," ECF No. 1) against Robert L. Esensten (the "Defendant"). On May 31,

2016, the Defendant filed a Motion to Dismiss Adversary Proceeding (ECF No. 6) and a Memorandum in Support of the Motion to Dismiss (ECF No. 7) (collectively, the "Motion to Dismiss").  The Plaintiff filed an Objection to the Motion to Dismiss on June 27, 2016 (the "Objection," ECF No. 14).  On July 11, 2016, the Defendant filed his Reply (the "Reply," ECF No. 15).  The Court held oral arguments on October 5, 2017, after which the Motion to Dismiss was taken under advisement.

## II.    Standard for Dismissal

Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) are made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012.  The rules provide for dismissal of a complaint for lack of personal jurisdiction or failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(2) and (6).  "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant.  Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *In re Williams*, 264 B.R. 234, 239 (Bankr. D. Conn. 2001) (quoting *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief[1] and a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)).  A pleading cannot merely recite the elements of a cause of action, nor "tender[] naked assertion[s] devoid of further factual enhancement." *Id.*

---

[1] FED. R. CIV. P. 8(a)(2).

In *Iqbal*, the United States Supreme Court described a two-step analysis to evaluate the sufficiency of a complaint. First, all allegations contained in the complaint, except legal conclusions or "naked assertions," must be accepted as true, and second, the complaint must state a plausible claim for relief. *Id.* at 678-79. "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Sagarino*, No. 16-21218 (JJT), 2017 WL 3865625, at *2 (Bankr. D. Conn. Aug. 29, 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). Determining the plausibility of a claim for relief is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.    Alleged Facts

The Complaint alleges the following facts, which the Court accepts as true for the purposes of the Motion to Dismiss:

1. On June 25, 2015, the Debtor's Chapter 11 case was converted to a Chapter 7 case and the Plaintiff was appointed as interim trustee. Compl. at ¶ 6.

2. The Defendant is an individual resident of California, in the United States of America. *Id.* at ¶ 8.

3. Within ninety (90) days prior to the Petition Date, the Debtor made a transfer or transfers of money to the Defendant in the amount of $90,000.00. *Id.* at ¶ 9.

4. The Debtor was insolvent for ninety days prior to the Petition Date. *Id.* at ¶ 11.

5. The Defendant was a creditor of the Debtor. *Id.* at ¶ 12.

6. The transfer of money was made for and on account of an antecedent debt. *Id.* at ¶ 13.

7. The transfer allowed the Defendant to receive more than he would have had the transfer not been made and the case been filed under Chapter 7 of the Bankruptcy Code. *Id.* at ¶

14.

8. The Debtor did not receive reasonably equivalent value for the transfer. *Id.* at ¶ 17.

9. The Defendant was the initial transferee, the immediate or mediate transferee of the initial transferee, or the person for whose benefit the transfer was made. *Id.* at ¶ 20.

**IV.    Analysis of Claims raised in the Motion to Dismiss**

   *A. Defendant's claim of lack of personal jurisdiction.*

According to Fed. R. Bankr. P. 7004(f), "[i]f the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of [Fed. R. Civ. P.] 4 made applicable by these rules is effective to establish personal jurisdiction" over any defendant in a case filed under the Bankruptcy Code.

> In bankruptcy proceedings where jurisdiction is based on 28 U.S.C. § 1334(b), a district court (and by reference a bankruptcy court) has original but not exclusive jurisdiction of all civil proceedings arising under, arising in, or related to cases under title 11. Because the sovereign exercising jurisdiction is the United States, not a particular state, minimum contacts with the United States is sufficient to satisfy the Fifth Amendment due process requirement, whether the claims asserted arise under federal, state or foreign law.

*In re Hellas Telecommunications (Luxembourg) II SCA*, 547 B.R. 80, 96-97 (Bankr. S.D.N.Y. 2016) (citing *Owens–Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.),* 124 F.3d 619, 630 (4th Cir. 1997)). In *In re Celotex Corp.*, the court found that the question of whether the defendant had minimum contacts in the forum state was irrelevant, because "when an action is in federal court on 'related to' jurisdiction, the sovereign exercising authority is the United States, not the individual state where the federal court is sitting." 124 F.3d at 630. Relying on these authorities, this court has personal jurisdiction over the Defendant.

Notwithstanding the above, the Defendant asserts that this court lacks personal

4

jurisdiction over him and cites to the case *In re Arcapita Bank B.S.C.(c)*, 529 B.R. 57, 67-68 (Bankr. S.D.N.Y. 2015), for the proposition that the receipt of funds from a bank account in the forum state is insufficient to confer personal jurisdiction over a creditor. Mot. to Dismiss at 9. However, *In re Arcapita* was subsequently vacated and remanded by the United States District Court for Southern District of New York. In vacating and remanding, the District Court found that the foreign corporate defendant in *Arcapita* purposefully availed itself of and transacted business in New York and recognized the United States as a whole as the forum, rather than the state of New York. *Official Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56, 68-72 (S.D.N.Y. 2016). *See also In re Lehman Bros. Holdings Inc.*, 544 B.R. 16, 29 (Bankr. S.D.N.Y. 2015) ("[t]he 'forum state' is the United States as a whole, and a 'court should consider the defendant's contacts throughout the United States.'"). In his Reply, the Defendant argues that the Supreme Court rejected the United States as a forum state for the purposes of personal jurisdiction in *Walden v. Fiore*, 134 S.Ct. 1115 (2014). *Walden* does not address issues related to a bankruptcy case, the Bankruptcy Code, or Fed. R. Bankr. P. 7004. The Defendant's reliance on *Walden* is misguided and does not affect the analysis in this case. Therefore, the Defendant's Motion to Dismiss for lack of personal jurisdiction is denied.

### B. The Defendant's claim that the statute of limitations under 11 U.S.C. § 546 has expired.

11 U.S.C. § 546 provides,

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
   (1) the later of--
      (A) 2 years after the entry of the order for relief; or
      (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
   (2) the time the case is closed or dismissed.

11 U.S.C. § 546. When the Debtor filed his Chapter 11 case in February 1994, prior to the October 1994 amendments, § 546 of the Code provided as follows:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) Two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
> (2) The time the case is closed or dismissed.

11 U.S.C. § 546 (1994). Under either statute of limitation, the Plaintiff timely filed this adversary proceeding. On June 25, 2015, the Debtor's case was converted from Chapter 11 to Chapter 7, and the Plaintiff was appointed as the interim Chapter 7 Trustee. Within one year of his appointment as trustee, the Plaintiff commenced this adversary proceeding, which is consistent with both the current language of 11 U.S.C. § 546(a)(1)(B) and the language that existed in 11 U.S.C. § 546(A)(1) in 1994. Therefore, the Defendant's claim the adversary proceeding should be dismissed because the applicable statute of limitation has expired is denied.

### C. *The Defendant's claim that Plaintiff fails to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6).*

The Defendant claims that the Plaintiff has failed to properly allege the existence of a creditor who could have received the alleged avoided transfer. The Plaintiff indeed fails to do so. *See In re Harnett*, 558 B.R. 655, 657 (Bankr. D. Conn. 2016) (quoting *Silverman v. Sound Around, Inc. (In re Allou Distributors, Inc.),* 392 B.R. 24, 31 (Bankr. E.D.N.Y. 2008) ("[u]nder Section 544(b)(1), a trustee's standing is 'completely derivative of [that] of an actual unsecured creditor' and depends on his alleging and proving that an actual creditor exists that satisfies both of these requirements.").

Additionally, the Defendant asserts that the Complaint does not contain sufficient facts to state a claim upon which relief can be granted. A careful review of the Complaint confirms that

6

it does little more than recite the elements of each cause of action.  Even accepting all allegations contained in the Complaint as true, the Court cannot determine that the claims are plausible on their face.  Therefore, the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is granted.

   *D. The Plaintiff may file an amended Complaint.*

Despite dismissal of a complaint, the Second Circuit liberally construes Fed. R. Civ. P. 15(a),[2] made applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7015.  *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *In re Andrews*, 385 B.R. 496, 505 (Bankr. D. Conn. 2008), *aff'd sub nom. In re Vincent Andrews Mgmt. Corp.*, 507 B.R. 78 (D. Conn. 2014), *aff'd sub nom. Andrews v. McCarron*, 595 F. App'x 69 (2d Cir. 2015).  The Court finds there is no prejudice to the Defendant by granting the Plaintiff the opportunity to file an amended complaint.  Therefore, the Plaintiff is granted leave to file an amended complaint or before May 11, 2018.

 **V. Conclusion**

For the reasons set forth above, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012, the Defendant's

---

[2] Fed. R. Civ. P. 15(a) provides,
(a) Amendments Before Trial.
 (1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
  (A) 21 days after serving it, or
  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
 (2) *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.
 (3) *Time to Respond.*  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Motion to Dismiss as to all counts of the Complaint is **GRANTED**; and it is further

**ORDERED:** Pursuant to Fed. R. Civ. P. 15(a) and Fed. R. Bankr. P. 7015, the Plaintiff is granted leave to file amended complaint on or before May 11, 2018; and it is further

**ORDERED:** A Pretrial Conference shall be held in this adversary proceeding on **June 19, 2018 at 11:00 a.m.** to discuss, among other things, the entry of a Pretrial Order in this adversary proceeding.

Dated at Bridgeport, Connecticut this 30th day of March, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut